■    In the Matter of the Claim of HERBERT COLLINS, Respondent, against NATIONAL ANILINE DIVISION, ALLIED CHEMICAL & DYE CORPORATION, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by an employer and its carrier from an award for disability compensation covering intermittent periods from April, 1954 to October of the same year. Claimant died while an appeal from the award was pending and the award therefore was directed to be paid to his surviving widow. Decedent was employed as a chemical process operator for some 17 years prior to October, 1943 by the National Aniline Division, Allied Chemical & Dye Corporation, one of the

appellants herein. That employment was terminated in October, 1943 and thereafter he worked in other employments, where there was no exposure to injurious chemicals, until April, 1954, when he became disabled as a result of adenocarcinoma of the bladder. The board has found that decedent's disablement was caused by latent or delayed malignancy due to occupational exposure to benzol and/or its derivatives in his employment prior to 1943. There was substantial medical testimony to indicate that the carcinoma from which decedent suffered was of slow growth and within the range of years that might be expected to elapse between his exposure to injurious chemicals and its final discovery. The proof indicated that decedent's exposure to benzol was minimal but he had a much greater exposure over a long period of time to a compound known as alpha-naphthylamine which was contaminated by beta-naphthylamine. There is proof that the last-named compound is carcinogenic in the human bladder. In fact the employer apparently recognized this dangerous exposure because it required regular cystoscopic examinations of workmen, including decedent, who were believed to have been exposed to carcinogenic chemicals. The board would have been well justified in finding that decedent's carcinoma was the result of his exposure to beta-naphthylamine both on the medical proof and the surrounding circumstances. There is medical proof to the effect that the percentage of people who develop carcinoma of the bladder without exposure to carcinogenic compounds is very small, and that a slight constant exposure to such chemicals is sufficient. There is direct medical proof linking decedent's carcinoma to his exposure. Moreover there is also proof that as early as July, 1939, he had a condition known as cystitis cystica of the bladder which is a definite precursor of adenoid or glandular type of carcinoma of the bladder. The difficulty with the case is lack of proof that decedent's condition was caused by exposure to benzol or its derivatives. The medical proof links the origin and development of decedent's carcinoma to alpha-naphthylamine contaminated with beta-naphthylamine. There is other uncontradicted proof in the record that neither beta-naphthylamine or alpha-naphthylamine is a derivative of benzol. The remedial sections of the Workmen's Compensation Law (§§ 28, 40) specifically mention exposure to " arsenic, *benzol,* beryllium, zirconium, cadmium, chrome, lead or fluorine or to exposure to x-rays, radium, ionizing radiation or radioactive substances" (italics supplied). Undoubtedly any derivative of benzol would be included, but the Legislature did not see fit to include other injurious chemicals such as beta-naphthylamine, and hence the doctrine of *expressio unius est exclusio alterius* applies. The award therefore cannot stand upon medical testimony which does not link decedent's carcinoma with exposure to benzol or its derivatives. The finding of the board in that respect does not have substantial evidence to support it. However there is some proof in the record that decedent was exposed to benzol, the extent of which was not developed sufficiently for medical comment, or at least medical opinion was not given, and in view of this situation we think the matter should be remitted to the board for further proof if it is so advised. Award reversed, with costs to appellants against the Workmen's Compensation Board, and matter remitted. Foster, P. J., Bergan, Coon, Gibson and Reynolds, JJ., concur.